## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DR. STANLEY M. BERRY,

      Plaintiff,

v.

BOARD OF GOVERNORS OF
WAYNE STATE UNIVERSITY,
DR. SATINDER KAUR, in her
Individual capacity, DR. PATRICIA
WILKERSON-UDDYBACK, in her
Individual capacity, and DR. WAEL
SAKR, in his individual and official
Capacities,

      Defendants.

_____/

Case No. 23-cv-10981-JJCG-KGA

Hon. Jonathan J.C. Grey

Magistrate Kimberly B. Altman

**Oral Argument Requested**

## DEFENDANT DR. PATRICIA WILKERSON-UDDYBACK'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Dr. Patricia Wilkerson-Uddyback ("Defendant" or "Dr. Wilkerson-Uddyback"), through her counsel Hickey Hauck Bishoff Jeffers & Seabolt, PLLC, and pursuant to Fed.R.Civ.P. 12(b)(6), moves the Court to dismiss all claims in Plaintiff's Complaint against her. In support of her Motion, Dr. Wilkerson-Uddyback relies upon the supporting brief filed herewith.

In compliance with L.R. 7.1(d), counsel for Dr. Wilkerson-Uddyback contacted Plaintiff's counsel for concurrence in the relief requested, but Plaintiff would not concur, thus necessitating the filing of this Motion. Conversely, counsel for the other defendants does not oppose the relief sought.

WHEREFORE, the Defendant Dr. Wilkerson-Uddyback respectfully requests

the Court to dismiss the claims against Dr. Wilkerson-Uddyback with prejudice.

Respectfully submitted,

Dated: July 31, 2023

/s/ Benjamin W. Jeffers
Benjamin W. Jeffers (P57161)
HICKEY HAUCK BISHOFF JEFFERS
& SEABOLT, PLLC
1 Woodward Avenue, Suite 2000
Detroit, MI 48226
313.964.8600
bjeffers@hhbjs.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DR. STANLEY M. BERRY,

      Plaintiff,

v.

BOARD OF GOVERNORS OF
WAYNE STATE UNIVERSITY,
DR. SATINDER KAUR, in her
Individual capacity, DR. PATRICIA
WILKERSON-UDDYBACK, in her
Individual capacity, and DR. WAEL
SAKR, in his individual and official
Capacities,

      Defendants.

_____/

Case No. 23-cv-10981-JJCG-KGA

Hon. Jonathan J.C. Grey

Magistrate Kimberly B. Altman

**Oral Argument Requested**

## DEFENDANT DR. PATRICIA WILKERSON-UDDYBACK'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED……………………………………..iv

STATEMENT OF CONTROLLING AUTHORITY .................................................v

I.      INTRODUCTION ...........................................................................1

II.     BACKGROUND AND PLAINTIFF'S CLAIMS...........................................2

        A.      Plaintiff's Core Allegations ...................................................2

                1.      The alleged adverse decision by WSU Medicine............................2

                2.      Dr. Wilkerson-Uddyback's alleged connection to this case. ............4

        B.      The Claims in Plaintiff's Complaint ....................................7

III.    LEGAL STANDARD .......................................................................8

        A.      Motion to Dismiss under Rule 12(b)(6) ................................8

IV.     LEGAL ARGUMENT .......................................................................9

        A.      Plaintiff's Section 1983 Claim Fails Against Dr. Wilkerson-Uddyback
                As A Matter Of Law. ..........................................................9

        B.      Plaintiff's two ELCRA claims are fatally flawed for similar reasons.12

                1.      Count III – Employment Discrimination........................................12

                2.      Count IV – Retaliation ..................................................15

V.      CONCLUSION................................................................................16

i

# INDEX OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...........8

*Baker v. Ferris State Univ.*, 516 F. Supp. 3d 735, 741–42 (W.D. Mich. 2021).........5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ...................................................................................................................8

*Chen v. Wayne State Univ.*, 771 N.W.2d 820, 838 (Mich. App. 2009) ...................15

*Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1140 (W.D. Mich. 2019), *aff'd*, 831 F. App'x 161 (6th Cir. 2020)...................................11

*Crane & Shovel Sales Corp. v. Bucyrus-Erie Co.*, 864 F.2d 802 (6th Cir. 1988)......9

*E.E.O.C. v. Skanska USA Bldg., Inc.*, 550 F. App'x 253, 256 (6th Cir. 2013) ...........5

*Elezovic v. Bennett*, 731 N.W.2d 452, 458 (Mich. App. 2007) ...............................12

*Heike v. Cent. Mich. Univ. Bd. of Trs.*, 2011 WL 2602004, at *14 (E.D. Mich. July 1, 2011) ....................................................................................................5

*Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 752 (6th Cir. 2020) ...9

*Johnson v. Freeburn*, 29 F. Supp. 2d 764, 767 (E.D. Mich. 1998).........................10

*Krohn v. Sedgwick James of Mich., Inc.*, 624 N.W.2d 212, 217 (Mich. App. 2001) ...............................................................................................................14

*Kubik v. Central Michigan University Board of Trustees, et al.*, 221 F. Supp. 3d 885, 903-04 (E.D. Mich. 2016) ...........................................................................13

*Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)...........................................11

*Lillard v. Shelby Cnty. Bd. of Ed.*, 76 F.3d 716, 726 (6th Cir. 1996) ......................10

*Long v. Insight Commc'ns of Cent. Ohio, LLC*, 804 F.3d 791 (6th Cir. 2015) .........8

ii

*Masi v. DTE Coke Ops., LLC,* 2007 WL 2827845, at *7 (E.D. Mich. Sept. 27, 2007) .................................................................................................................12

*Misane v. City of Bangor*, 2023 WL 2856692, at *10 (W.D. Mich., April 10, 2023) .................................................................................................................16

*Mitchell v. Washtenaw Cnty.*, No. 22-10224, 2022 WL 2716508 (E.D. Mich. July 13, 2022) ......................................................................................................9

*Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012)..........................................11

*Shorette v. Rite Aid of Maine, Inc.*, 155 F.3d 8, 13–14 (1st Cir. 1998) ..................14

*Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) .................................................................................................................10

*Terzneh v. Fed. Nat'l Mortg. Ass'n*, No. 21-02228, 2021 WL 4529707, at *5 (W.D. Tenn. Oct. 4, 2021) ...............................................................................9

*Turner v. Ford Motor Co.*, No. 345727, 2020 WL 1969449, at *4 (Mich. App. Apr. 23, 2020) .................................................................................................14

**Statutes**

M.C.L. 372701(a)....................................................................................................15

**Rules**

Fed. R. Civ. P. 12(b)(6) .............................................................................................8

Local Rule 7.1(d)(2)................................................................................................. vi

iii

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.      Whether the Court should dismiss Plaintiff's Section 1983 claim against Dr. Wilkerson-Uddyback where she was not employed by Wayne State University and is not a "state actor?"

Plaintiff's answer: "No"

Defendant's answer: "Yes"


2.      Whether the Court should dismiss Plaintiff's state law claims under the Elliot Larsen Civil Rights Act against Dr. Wilkerson-Uddyback where, again, she was not employed by Wayne State University, did not act as its "agent," and was not a decision-maker for the employment decision at issue?

Plaintiff's answer: "No"

Defendant's answer: "Yes"

## <u>STATEMENT OF CONTROLLING AUTHORITY</u>

Pursuant to Local Rule 7.1(d)(2), Defendant Wilkerson-Uddyback states that the following authorities are the controlling or most appropriate authorities for the relief requested by this Motion:

- 42 U.S.C. 1983;

- Elliott-Larsen Civil Rights Act, M.C.L 37.2201 et seq. ("ELCRA");

- *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007);

- *Howell v. Father Maloney's Boys' Haven, Inc*., 976 F.3d 750, 752 (6th Cir. 2020); and

- *Kubik v. Central Michigan University Board of Trustees, et al*., 221 F. Supp. 3d 885, 903-04 (E.D. Mich. 2016).

## I.    INTRODUCTION

This is an employment case regarding an internal leadership decision at Wayne State University's School of Medicine ("WSU Medicine").  Plaintiff Dr. Stanley M. Berry ("Plaintiff") is a current faculty member with WSU Medicine and, for a period of time in 2021 and early 2022, served as the Interim Chair for its Obstetrics and Gynecology Department. The crux of this lawsuit concerns Plaintiff's contention that WSU Medicine and its Dean (Defendant Dr. Wael Sakr) declined to offer him the permanent Chair position in 2022 because he upset colleagues and others through his efforts to raise awareness of the problem of "implicit bias" among healthcare providers, including in regard to an incident involving a Detroit Medical Center ("DMC") physician resident at a DMC hospital.  Plaintiff's Complaint proffers Title VII, Section 1983, and ELCRA claims in relation to this one, specific employment decision.

Oddly, however, he also has included Dr. Wilkerson-Uddyback as a defendant. At all relevant times, she was a full-time, paid employee of the DMC, serving as its Corporate V.P. of Academic & Community Affairs.  She was not Plaintiff's employer, was not an agent of Plaintiff's employer, and was not a decision-maker in regard to the Chair position.  She is an individual who worked for a separate institution and who, at most, has been accused of sharing negative opinions about Plaintiff to WSU Medicine's leadership based on her involvement with DMC's

1

residency programs and information from OB/GYN residents.  As explained below,

even assuming the truth of any well-plead allegations, Plaintiff's Complaint does not

state a claim against Dr. Wilkerson-Uddyback, and she should be dismissed from the

case.

## II.    BACKGROUND AND PLAINTIFF'S CLAIMS

### A.    Plaintiff's Core Allegations

#### 1.    The alleged adverse decision by WSU Medicine.

Plaintiff is a "Black/African-American" physician and "current employee of

Wayne State University's School of Medicine" (WSU Medicine) Compl., ¶4, 21,

[ECF No.1].  A long-standing faculty member, Plaintiff was appointed in January

2021 to serve as the Interim Chair of WSU's Department of Obstetrics and

Gynecology (Compl., ¶¶1, 17 [ECF No.1]) following the departure of the previous

Chair.  The role added administrative duties to his existing faculty position.

A year into his appointment as Interim Chair, Plaintiff alleges that he learned

of, and then reported to others, a concern about an interaction between a DMC

OB/GYN resident and a patient at DMC's Sinai Grace hospital.  Compl., ¶23, [ECF

No.1].  Plaintiff believes that the interaction revealed that the resident may have had

an "implicit bias" that impacted decision-making in regard to treating a patient of

color. *Id*.

The Complaint states that he sought to use the incident as a springboard to

raise awareness more broadly throughout his Department as to the issue of implicit bias in the medical community. He initially discussed the issue with Defendant Dr. Satinder Kaur, who was a fellow WSU faculty member, and who had responsibilities regarding managing WSU Medicine's participation in the DMC's residency programs. Compl., ¶8, [ECF No.1]. At various times in early 2022, Plaintiff also engaged with the former Dean of WSU Medicine Dr. Mark Schweitzer.

Plaintiff also sent a Memorandum and an email to the entire Department of OB/GYN in January 2022, and invited them to a meeting to discuss the topic. Compl., ¶¶24-38, [ECF No.1]. Dr. Schweizer, the then-Dean of WSU Medicine, cancelled the meeting. Compl., ¶39, [ECF No.1]. Instead, a separate meeting took place without Plaintiff present and where, according to Plaintiff, he was criticized by faculty members and others. Another meeting among the Department then took place on March 23, 2022, at which Plaintiff participated for the first "half-hour" before leaving. Compl., ¶55-56, [ECF No.1]. The Complaint suggests that there was no consensus as to whether Plaintiff's approach to addressing the issue of implicit bias was the best course of action at that time, particularly in relation to potentially involving the DMC's residents (who are DMC employees). Compl., generally, [ECF No. 1].

These meetings, communications, and events took place in early 2022, during a period of time when WSU Medicine was engaged in a search for a permanent Chair

of the OB/GYN Department.  Plaintiff alleges that he applied for the permanent position in April 2022, but the new Dean of WSU Medicine (Dr. Sakr, who succeeded Dr. Schweitzer) picked someone else. (Compl., ¶58, [ECF No.1]).

Plaintiff now alleges that this decision was made because of his effort to elevate the issue of implicit bias and due to negative comments from various individuals. Compl., ¶¶57-63, [ECF No.1].  Given the nature of his legal claims, he likewise suggests that the decision was based in part on his race, stating that the new Chair, Dr. David Bryant, is "not Black/African-American" and had less research and leadership experience. Compl., ¶¶64-70, [ECF No.1].

### 2.    Dr. Wilkerson-Uddyback's alleged connection to this case.

As summarized above, the Complaint proffers a basic "failure to hire" paradigm.  Claims of this type theoretically may be lodged against an employer and, potentially, against certain of the employer's agents and decision-makers.

That brings us to Defendant Dr. Wilkerson-Uddyback, who is an outlier to this paradigm.  Compl., ¶¶43,47, [ECF No.1].  She was not a representative of WSU Medicine and was instead a full-time, paid employee of the Detroit Medical Center, as its Corporate V.P. of Academic & Community Affairs.   The Complaint contains a single paragraph purporting to connect Dr. Wilkerson-Uddyback to WSU Medicine.  It is paragraph 9, which states that she was a "faculty" member at WSU Medicine and "upon information and belief . . . was jointly employed by the DMC

4

and WSU." (Compl., ¶9, [ECF No.1]) There are absolutely no additional factual allegations to support this conclusory assertion.  For example, Plaintiff does not (and could not) allege that Dr. Wilkerson-Uddyback was paid by WSU Medicine, reported to anyone at WSU Medicine, taught any classes, or had any supervisory role of WSU Medicine, let alone one with authority over any WSU employee in any respect.[1]   Indeed, the WSU Defendants have denied as untrue the allegations in paragraph 9 in their Answer, which they filed on July 21, 2023. [ECF No. 9, PageID.42].

Even more to the point, Plaintiff does not allege that Dr. Wilkerson-Uddyback was a decision-maker in regard to the OB/GYN Chair position.  The Complaint instead confirms that this lawsuit "arises out of **Wayne State University's retaliatory failure to hire**" him (Compl., ¶1, [ECF No.1]),[2] and that it was WSU Medicine's Dean (Dr. Sakr) who made the decision. Compl., ¶¶3, 61 [ECF No.1]

---

[1] Whether entities are joint employers in certain contexts ultimately is a legal determination, based on numerous factors, none of which have been, or ever could be, pled here. *See e.g., E.E.O.C. v. Skanska USA Bldg., Inc.*, 550 F. App'x 253, 256 (6th Cir. 2013) (major factors include the "entity's ability to hire, fire or discipline employees, affect their compensation and benefits, and direct and supervise their performance.").

[2] By naming the "Board of Governors of Wayne State University," as Plaintiff has done here, he has sued the University.  *See e.g., Baker v. Ferris State Univ.*, 516 F. Supp. 3d 735, 741–42 (W.D. Mich. 2021) ("For the purposes of lawsuits, Ferris State University and its Board are the same entity."). *Heike v. Cent. Mich. Univ. Bd. of Trs.*, 2011 WL 2602004, at *14 (E.D. Mich. July 1, 2011) ("[U]nder Michigan law, the Board of Trustees of the University is the University.").

("**Dr. Sakr then hired another candidate** . . ." and "Dean Sakr told [Plaintiff] that he would not be considered for the permanent Chair position").

The Complaint at best suggests that Dr. Wilkerson-Uddyback had a negative impression of Plaintiff and shared her views to WSU Medicine leadership. Plaintiff contends that (1) the then-Dean of Medicine cancelled Plaintiff's January 2022, meeting at Dr. Wilkerson-Uddyback's request; (2) she allegedly referred to Plaintiff as a "bad apple"; (3) she allegedly intended to complain about him to "people in charge of faculty hiring and firing decisions," and (4) that during the months after Plaintiff first raised the issue of implicit bias, Dr. Wilkerson-Uddyback "continued to speak negatively about and solicit negative feedback regarding [Plaintiff's] attempt to raise the serious issue of racial bias in maternal healthcare." Compl., ¶¶40-41, 43, and 47 [ECF No.1].  Finally, Plaintiff alleges that in March 2022, an unnamed colleague told him that Dr. Wilkerson-Uddyback was pushing for his dismissal as Interim Chair and that she sought to bar him from "having any further contact with [DMC's] residents . . ."  Compl., ¶¶51-52, [ECF No.1]).  None of this remotely suggests that Dr. Wilkerson-Uddyback made any employment decisions or even had the authority to do so.

In fact, Plaintiff does not allege that Dr. Wilkerson-Uddyback herself exhibited any racial bias, or that she sought any change in Department leadership *based on Plaintiff's race*.  In sum, and giving Plaintiff the benefit of the doubt, the

Complaint merely contends that Dr. Wilkerson-Uddyback is a third-party who harbored serious concerns about Plaintiff's leadership as Interim Chair and that WSU Medicine's Dean was potentially influenced by her opinions.

**B.    The Claims in Plaintiff's Complaint**

Plaintiff filed suit on or about April 26, 2023.  The Complaint has four causes of action, all based on WSU Medicine's decision not to hire Plaintiff as the permanent Chair of the OB/GYN Department:

- Count I is for violation of Title VII of the Civil Rights Act of 1964.  This is a paradigmatic employment claim and is lodged solely against WSU Medicine.

- Count II is for Violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution, via 42 U.S.C. 1983. Plaintiff's Constitutional claim is based on the theory that Defendants are "state actors" acting under color of state law.  Here, Plaintiff names Defendants Sakr, Kaur, and Wilkerson-Uddyback.  The core factual predicate is that these individuals engaged in improper conduct designed to discriminate and retaliate against Plaintiff in relation to WSU's employment decision.

- Count III is for Race Discrimination under Elliott-Larsen Civil Rights Act, M.C.L 37.2201 et seq. ("ELCRA").  Like Count I, this is a basic

7

employment discrimination claim but under state law.

- Count IV is also based on ELCRA but proffers a retaliation theory. Neither Counts III and IV expressly isolate the alleged conduct of any person, but instead just generally refer to all "Defendants" as a group.

## III.   LEGAL STANDARD

### A.   Motion to Dismiss under Rule 12(b)(6)

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). Further, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Long v. Insight Commc'ns of Cent. Ohio, LLC*, 804 F.3d 791, 794 (6th Cir. 2015) (quoting *Twombly*, 550 U.S. at 570). To have "facial plausibility," Plaintiffs must plead facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556). This requires Plaintiffs to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Under a Rule 12(b)(6) analysis, courts are required to consider all allegations of material fact as true and consider the facts in the light most favorable to the non-moving party. *See Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1940. However,

courts need not accept legal conclusions couched as factual allegations as true. *See Twombly*, 550 U.S. at 555; *Crane & Shovel Sales Corp. v. Bucyrus-Erie Co.*, 864 F.2d 802, 810 (6th Cir. 1988).

## IV. LEGAL ARGUMENT

### A. Plaintiff's Section 1983 Claim Fails against Dr. Wilkerson-Uddyback as a Matter of Law.

The first Count that includes Dr. Wilkerson-Uddyback is Count II, which is based on 42 U.S.C. §1983. Section 1983 claims provide for relief against a person "acting under color of state law" and as such, only claims against state actors qualify. *See Howell v. Father Maloney's Boys' Haven, Inc*., 976 F.3d 750, 752 (6th Cir. 2020); *Mitchell v. Washtenaw Cnty.*, No. 22-10224, 2022 WL 2716508 (E.D. Mich. July 13, 2022) (dismissing Section 1983 claims against individuals who were not state actors). A complaint must contain specific, supporting factual allegations on this point; it is insufficient merely to allege in conclusory fashion a given individual has "acted under color of state law." A plaintiff must specify each defendant's precise relationship and status to the state. *See e.g.*, *Terzneh v. Fed. Nat'l Mortg. Ass'n*, No. 21-02228, 2021 WL 4529707, at *5 (W.D. Tenn. Oct. 4, 2021) (dismissing individual defendant given the paucity of plaintiff's factual allegations).

The threshold flaw with Plaintiff's Section 1983 claim as to Dr. Wilkerson-Uddyback is that Plaintiff has not alleged plausible **facts** that she is a "state actor." To the contrary, Plaintiff's sole allegation regarding her connection to WSU is

entirely conclusory.  He states in Paragraph 9 that Dr. Wilkerson-Uddyback was dually employed by both WSU Medicine (a public university) and the DMC (a private healthcare institution).  His conclusion is unsupported elsewhere in the Complaint. Even Plaintiff admits being unsure about its veracity given his statement that it is was made "upon information and belief."  Plaintiff's Complaint falls woefully short of the factual support that is required.

Even putting aside Dr. Wilkerson-Uddyback's status as a private individual as opposed to an agent for a "state actor," Plaintiff has failed to identify any unconstitutional *conduct* on her part. It is settled law that a plaintiff must explain each defendants' improper activity with specificity.  *Lillard v. Shelby Cnty. Bd. of Ed.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Johnson v. Freeburn*, 29 F. Supp. 2d 764, 767 (E.D. Mich. 1998) (unsupported allegations do not state a § 1983 claim); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) ("damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations . . .").  Here, as noted in the Background Section, Plaintiff admits that it was *WSU Medicine and Dean Sakr* who made the decision that supposedly deprived him of his Constitutional rights. Plaintiff fails to allege anywhere in the Complaint that Dr. Wilkerson-Uddyback was a decision-maker or made the decision at issue in this case. That should end the inquiry, as no one can plausibly advance a theory that

10

she committed a Constitutional violation merely by sharing negative opinions about a state employee to that person's supervisor; nor is that sufficient to state a Section 1983 claim as a matter of law.

Plaintiff attempts to sidestep these fatal deficiencies by lumping Dr. Wilkerson-Uddyback in with Dr. Sakr via "group pleading," presumably because Dr. Sakr was a WSU Medicine employee and a decision-maker.  Indeed, Plaintiff refers collectively to all three individual defendants as "Defendants" and does not isolate their roles or alleged unconstitutional conduct.  Plaintiff's resort to group pleading is improper and itself grounds for dismissal. "A plaintiff must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012). "[The Sixth Circuit] has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008); *Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1140 (W.D. Mich. 2019), *aff'd*, 831 F. App'x 161 (6th Cir. 2020) (finding that all of plaintiff's claims improperly were grouped against "Defendants" or "Defendants and their employees" without delineating what each Defendant did to violate plaintiff's rights).  Plaintiff's Complaint contains the very same

deficiencies that these courts rejected.

In sum, Plaintiff's Section 1983 claim in Count II should be dismissed against Dr. Wilkerson-Uddyback.  She is a private individual who never was a "state actor," nor made the employment decision on behalf of any alleged "state actor[s]" in this case.

### B.   Plaintiff's two ELCRA claims are fatally flawed for similar reasons.

Plaintiff's failure to plead a salient relationship between Dr. Wilkerson-Uddyback and WSU Medicine, coupled with his admission that she did not make the decision at issue, likewise dooms Plaintiff's discrimination (Count III) and retaliation (Count IV) claims under the ELCRA.

### 1.   Count III – Employment Discrimination

ELCRA prohibits employers from discriminating against employees on the basis of sex or race.  M.C.L. 37.2012.  ELCRA defines an "employer" as a "person who has 1 or more employees and includes an agent of that person." *Id*., §37.2201(a).  An "agent" is narrowly defined in this context; only persons to whom an employer delegates supervisory power and authority to act on its behalf are deemed "agents" for purposes of potential, individual liability.  *See Elezovic v. Bennett*, 731 N.W.2d 452, 458 (Mich. App. 2007); *see also, Masi v. DTE Coke Ops., LLC,* 2007 WL 2827845, at *7 (E.D. Mich. Sept. 27, 2007) (individuals were not liable because they lacked authority to rehire plaintiff).

Plaintiff's claim fails for at least four reasons.  *First*, Dr. Wilkerson-Uddyback was not and did not become an agent of WSU Medicine. An individual who offers an opinion or recommendation to the employer does not become an "agent" for purposes of ELCRA which is, at best, the paradigm Plaintiff proffers here.  The case of *Kubik v. Central Michigan University Board of Trustees, et al*., 221 F. Supp. 3d 885, 903-04 (E.D. Mich. 2016) is illustrative.  In *Kubrik*, the plaintiff was a faculty member who sued CMU and individual Journalism Department faculty members after she was not reappointed to a tenure-track position following a pregnancy leave. The Court determined that even though faculty members were responsible for reviewing plaintiff's professional progress and that faculty members on the tenure committee voted against her, none had the <u>authority</u> to make the final decision whether to reappoint her.  *Id*., at 904 ("even if the Dean and Provost based their decision . . . on the Department's recommendation, Kubrik has not demonstrated that the individual faculty members are agents of CMU").  This meant the faculty members were not "agents" and hence, could not be individually liable under ELCRA. That is the situation in our case.  As summarized in the Background Section, Plaintiff has at best alleged (albeit falsely) that Dr. Wilkerson-Uddyback was a fellow faculty member whose input led to his failure to obtain the permanent Chair position.  This is not enough as a matter of law.

*Second*, even if one were to adopt the fiction that Dr. Wilkerson-Uddyback

13

was an "agent" for WSU Medicine in some respect, Plaintiff's claim still fails because he has not alleged that she was a decision-maker in the employment decision at issue. *See Turner v. Ford Motor Co*., No. 345727, 2020 WL 1969449, at *4 (Mich. App. Apr. 23, 2020) (Defendant's comments, even if assumed true, "do not support an inference of discriminatory animus given that he was not a decisionmaker"); *see also Krohn v. Sedgwick James of Mich., Inc.*, 624 N.W.2d 212, 217 (Mich. App. 2001) (in ELCRA context, the conduct of "nondecisionmakers" is irrelevant) (*citing Shorette v. Rite Aid of Maine, Inc*., 155 F.3d 8, 13–14 (1st Cir. 1998) (inquiry about the plaintiff's age by a non-decisionmaker is not only non-probative, it is not even admissible). As noted above, Plaintiff has admitted that WSU Medicine and the Dean were the decision makers.

***Third***, the allegations in both Counts III and IV relate to all "Defendants," as a group. Just as he did with the Section 1983 claim, Plaintiff reverts to an impermissible "group pleading" tactic that does not provide a statement of relief against Dr. Wilkerson-Uddyback individually. This again is grounds for dismissal.

***Finally***, Plaintiff does not even allege that Dr. Wilkerson-Uddyback said or did anything whatsoever as a result of Plaintiff's race. He merely alleges that she opposed the manner in which he sought to raise awareness of potential "implicit bias" among healthcare providers. But even if true, this is not at all the same as alleging that one sought to hinder the other's career ***because of*** his race. Two people

14

can disagree about how to address racial problems in the workplace without that disagreement itself being predicated on the participants' own racial identities.[3] Plaintiff glosses over this critical distinction.

In sum, there is simply no "there, there" as to Dr. Wilkerson-Uddyback and her alleged role. Count III should be dismissed as a matter of law.

### 2. Count IV – Retaliation

Plaintiff's ELCRA retaliation claim fairs no better. To state a claim for retaliation under ELCRA, a plaintiff must allege and prove that the employer or agent engaged in a materially adverse employment action in retaliation because the plaintiff opposed a violation of ELCRA or because the plaintiff made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under the ELCRA. M.C.L. 372701(a); *see also Chen v. Wayne State Univ.*, 771 N.W.2d 820, 838 (Mich. App. 2009). Plaintiff's claim fails against Dr. Wilkerson-Uddyback for at least four reasons.

***First***, as noted above repeatedly, Dr. Wilkerson-Uddyback was not an "agent" of WSU Medicine, Plaintiff's employer, that made the employment decision at issue.

---

[3] Although not legally pertinent for purposes of this Motion, it should be noted that the suggestion that Dr. Wilkerson-Uddyback harbored some racial bias toward Plaintiff or was dismissive of his overall concern regarding implicit bias is deeply offensive. A woman of color herself, Dr. Wilkerson-Uddyback is well acquainted with the issue of which Plaintiff speaks. She has a long track record of promoting diversity, equality, and inclusion in her places of work and via service on corporate board committees.

***Second***, even if she was an agent of Plaintiff's employer, Plaintiff does not allege that she was a decision-maker as to the employment decision. She logically did not engage in any activity herself that was retaliatory, which is fatal because making a recommendation of an adverse employment decision is insufficient. *See Misane v. City of Bangor*, 2023 WL 2856692, at \*10 (W.D. Mich., April 10, 2023) (dismissing individual defendant who was not the "ultimate decision-maker" even though the defendant made a recommendation to the person who had the authority).

***Third***, Plaintiff has not alleged with specificity the purported "protected activity" that forms the basis for his retaliation claim. Seeking to raise awareness on behalf of a prospective patient base ***at-large*** in relation to the prospect of implicit bias is not the type of particularized protected activity identified in the statute. However laudable his purported goal, Plaintiff has not identified with any specificity any particular action he took in <u>relation to ELCRA</u> that triggered a retaliatory response. The Complaint contains only generalized and vague activities. This does not meet the pleading standards required of Fed.R.Civ.P. 8 or 12(b).

***Finally***, as with the other claims, Plaintiff does not isolate Dr. Wilkerson-Uddyback's own conduct and relies on impermissible group pleading. *See* Section IV.A., supra.

## V.   CONCLUSION

For all of the foregoing reasons, the Court should dismiss all claims against

Dr. Wilkerson-Uddyback with prejudice.

Respectfully submitted,

Dated: July 31, 2023

*/s/ Benjamin W. Jeffers*

Benjamin W. Jeffers (P57161)
HICKEY HAUCK BISHOFF JEFFERS
& SEABOLT, PLLC
1 Woodward Avenue, Suite 2000
Detroit, MI 48226
313.964.8600
bjeffers@hhbjs.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, my assistant filed the foregoing document with the Clerk of the Court using the United States Eastern District of Michigan e-filing system which will send notifications to all e-filing participants of record.

Dated:    July 31, 2023              By:   */s/ Benjamin W. Jeffers*
                                                     Benjamin W. Jeffers (P57161)