# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| DR. STANLEY M. BERRY, | Case No. 23-cv-10981-JJCG-KGA |
| Plaintiff, | Hon. Jonathan J.C. Grey |
| v. | |
| | Magistrate Kimberly B. Altman |
| BOARD OF GOVERNORS OF WAYNE STATE UNIVERSITY, DR. SATINDER KAUR, in her Individual capacity, DR. PATRICIA WILKERSON-UDDYBACK, in her Individual capacity, and DR. WAEL SAKR, in his individual and official Capacities, | **Oral Argument Requested** |
| Defendants. | |
| _____/ | |

## DEFENDANT DR. PATRICIA WILKERSON-UDDYBACK'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## I. INTRODUCTION

Plaintiff's Response merely illustrates that Defendant Dr. Wilkerson-Uddyback is a potential fact witness in this case. The Response identifies the alleged underlying story and the things that Dr. Wilkerson-Uddyback purportedly said or did concerning Wayne State University's employment decision. But as to the core questions of whether there is a *legal* connection between her and WSU and whether she was a decision-maker for WSU, Plaintiff all but admits that the Complaint is lacking. Plaintiff instead asks for time to conduct discovery to discern if there are facts to establish the missing connections. This is putting the proverbial cart before the horse and this Court should dismiss Dr. Wilkerson-Uddyback at this stage.

## II. ARGUMENT

### A. The Court should not accept as true Plaintiff's legal conclusions and factual allegations made "upon information and belief" for purposes of evaluating Dr. Wilkerson-Uddyback's 12(b)(6) motion.

As noted in the Motion, the sole allegation purporting to connect Dr. Wilkerson-Uddyback to WSU is the statement that she was a "faculty" member at WSU Medicine and "**upon information and belief** . . . was jointly employed by the DMC and WSU." [ECF No. 1 (Compl.) ¶ 9 (emphasis added).] Plaintiff contends that the Court must accept this statement as true at this stage. He is wrong. Given that Plaintiff's claims legally presuppose that Dr. Wilkerson-Uddyback was WSU's "agent" and a decision-maker for the employment decision at issue, the statement in

1

Paragraph 9 is actually a *conclusion* upon which the claims are based – not a mere part of the factual story. And a court is not required to accept *conclusions* couched as a factual allegation under *Twombly* and *Iqbal*. *See e.g.*, *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012); *Dunigan v. Thomas*, No. 22-11038, 2023 WL 2215954, *4 (Feb. 24, 2023E.D. Mich.). A corollary to this is the rule that upon-information-and-belief assertions are "precisely the kinds of conclusory allegations that *Iqbal* and *Twombly* condemned and thus told [courts] to ignore when evaluating a complaint's sufficiency." *16630 Southfield Ltd. P'ship* v. *Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013) (allegations based upon "information and belief" deemed insufficient).

Plaintiff has done nothing more than plead a legal conclusion that itself is based "upon information and belief" and as such, Plaintiff has not satisfied the most basic pleading requirements of Rules 8 and 12.

**B.      Plaintiff is not entitled to discovery to try and discern information he needed before adding Dr. Wilkerson-Uddyback as a party.**

Plaintiff's request for discovery is tantamount to an admission that the argument above is compelling. But regardless, a plaintiff is not entitled to discovery before a court resolves a motion to dismiss under Rule 12(b). *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) (citing *Twombly* and affirming trial court's denial of request for discovery). Courts therefore reject such requests because they ignore that the pleading rules are designed to "protect defendants from

expending resources on costly discovery for cases that will not survive summary judgment." *Kolley*, 725 F.3d. at 587. The whole point is to evaluate the Complaint as-is, and a plaintiff "is not entitled to discovery to find facts necessary to plead a sufficient claim." *Dunigan*, 2023 WL 2215954, *4. Indeed, "pleadings are not placeholders while a party pursues discovery of wrongdoing." *Detroit Will Breathe v. City of Detroit*, 524 F. Supp. 3d 704, 711 (E.D. Mich. 2021). Consistent with the foregoing, the Court should reject Plaintiff's request for discovery and instead resolve the Motion now based on the Complaint as-is.

## III.  CONCLUSION

For all of the foregoing reasons and those stated in the initial supporting Brief, the Court should grant Defendant Dr. Wilkerson-Uddyback's Motion to Dismiss and allow this case to proceed against the WSU Defendants.

|  |  |
|---|---|
| Dated: September 1, 2023 | Respectfully submitted,<br><br>*/s/ Benjamin W. Jeffers*<br>Benjamin W. Jeffers (P57161)<br>HICKEY HAUCK BISHOFF JEFFERS<br>& SEABOLT, PLLC<br>1 Woodward Avenue, Suite 2000<br>Detroit, MI 48226<br>313.964.8600<br>bjeffers@hhbjs.com |

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023, my assistant filed the foregoing document with the Clerk of the Court using the United States Eastern District of Michigan e-filing system which will send notifications to all e-filing participants of record.

Dated:  September 1, 2023       By:  */s/ Benjamin W. Jeffers*
                                     Benjamin W. Jeffers (P57161)