# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DR. STANLEY M. BERRY,

       Plaintiff,                                 Case No. 23-cv-10981
                                                      Hon. Jonathan J.C. Grey

v.

BOARD OF GOVERNORS OF WAYNE STATE
UNIVERSITY, DR. SATINDER KAUR, in her
individual capacity, DR. PATRICIA WILKERSON-UDDYBACK,
in her individual capacity, and DR. WAEL SAKR,
in his individual and official capacities,

       Defendants.

| Amanda M. Ghannam (P83065) | Brett J. Miller (P68612) |
|---|---|
| Schulz Ghannam PLLC | Butzel Long, P.C. |
| 645 Griswold St., Suite 4100 | 150 West Jefferson Avenue, Suite 100 |
| Detroit, MI 48226 | 313-225-7000 |
| (313) 788-7446 | millerbr@butzel.com |
| amanda@michiganworkerlaw.com | Counsel for Defendants Board of Governors of Wayne State University, Dr. Satinder Kaur, and Dr. Wael Sakr |
| Co-Counsel for Plaintiff | |
| | Benjamin W. Jeffers (P57161) |
| | Hickey Hauck Bishoff Jeffers & Seabolt, PLLC |
| | 1 Woodward Avenue, Suite 2000 |
| | Detroit, MI 48226 |
| | 313-964-8600 |
| | Bjeffers@hhbjs.com |
| | Counsel for Defendant Dr. Patricia Wilkerson-Uddyback |

# PLAINTIFF'S MOTION TO COMPEL
# THE DEPOSITION OF DR. WAEL SAKR
# AND EXTEND DEADLINES

Pursuant to Fed. R. Civ. P. 30 and 37, Plaintiff Dr. Stanley M. Berry, through counsel, respectfully moves this Honorable Court for an Order compelling the deposition of Defendant Dr. Wael Sakr, extending discovery deadlines, and awarding Plaintiff attorneys' fees in connection with the filing of this motion and the events preceding it, and in support of his motion states:

1. Plaintiff filed his Complaint in this matter on April 26, 2023, arising out of Wayne State University's discriminatory and retaliatory failure to hire him as Permanent Chair of its School of Medicine's Department of Obstetrics and Gynecology ("OB/GYN department") after Dr. Berry raised concerns about bias against Black patients in healthcare.

2. Defendant Dr. Wael Sakr is a named party to this litigation, the Dean of Wayne State University's School of Medicine, the key decisionmaker in the University's decision not to hire Dr. Berry, and a crucial witness in this case.

3. Plaintiff's First Amended Complaint specifically alleges that Defendant Sakr, as the Dean of the School of Medicine, is the individual decisionmaker ultimately responsible for the decision not to hire Dr. Berry for the Permanent Chair position and to instead appoint a lesser-qualified candidate outside of Dr. Berry's protected class and who had not engaged in protected activity. (ECF No. 20, PageID.217, 218)

4. This Court issued a scheduling order on April 23, 2024.

2

5. The parties then exchanged written discovery (which necessitated, among other things, Plaintiff pursuing supplemental productions of documents from the WSU Defendants for months when its first two productions were deficient and nonresponsive – with the WSU Defendants producing its most recent supplement on January 13, 2025).

6. Plaintiff noticed the depositions of multiple witnesses, including Dr. Wael Sakr, on November 15, 2024.

7. Plaintiff's November 15 message alongside the deposition notices proposed the parties meet and confer to discuss dates and included the following: "As a heads up, I anticipate that we'll need to discuss dates, and I may end up not needing to depose all of these witnesses, but I wanted to get notices on file to be safe. Additionally, as I noted in my other correspondence from this afternoon re: discovery deficiencies, it seems likely that we'll need additional time for written discovery as well as scheduling of these depositions. For scheduling purposes, please note that I'll be out of town with a family obligation December 12-15." (**Exhibit 1, Plaintiff 11/15/2024 email**)

8. On November 21, 2024, counsel for the WSU Defendants responded that Defendant Sakr would not be available on his noticed date of December 3, 2024. (**Exhibit 2, Defendant 11/21/2024 email**)

9. As discovery proceeded, Plaintiff kept Defendants informed as to the witnesses whose depositions would not need to go forward and added some new names as the WSU Defendants produced additional documents on November 22, 2024 that revealed new information about witness involvement.

10. On November 26, 2024, as the parties continued to discuss discovery issues, Plaintiff's counsel noted: "I have not heard back with additional proposed dates for Dr. Sakr or Dr. Uddyback yet." **(Exhibit 3, Plaintiff 11/26/2024 email)**

11. On December 12th, 2024, the parties confirmed the list of witnesses Plaintiff wished to depose, including Dr. Sakr. **(Exhibit 4, 12/12/2024 Emails)**

12. The parties continued to work together to resolve discovery issues and schedule depositions, resulting in this Court entering a Stipulated Order Adjourning Dates (ECF No. 32) on December 16, 2024.

13. The Court's Order moved the motion to compel filing deadline/discovery cutoff to January 31, 2025.

14. The parties agreed to take depositions in January and conduct any follow-up on previously exchanged written discovery, as well as anything that arose during depositions.

15. On December 19, 2024, counsel for the WSU Defendants sent Plaintiff proposed dates for witnesses Defendant Dr. Satinder Kaur, Dr. Mark Schweitzer, Dr.

David Bryant, and Dr. Noreen Rossi – but did not mention Defendant Sakr's availability. **(Exhibit 5, Defendant 12/19/2024 email)**

16. Plaintiff responded confirming dates for those witnesses on January 2, 2025, after the winter holidays. **(Exhibit 6, Plaintiff 1/2/2025 email)**

17. On January 10th, 2025, Plaintiff sent revised deposition notices for the witnesses, including a deposition notice for Dr. Sakr to be deposed on January 17th, 2025, as his availability had still not been provided and the January 31 deadline was approaching. **(Exhibit 7, Plaintiff 1/10/2025 email)**

18. Counsel for Defendants responded that Dr. Sakr was not available on the 17th and suggested January 28th – the same day that previous School of Medicine Dean Dr. Mark Schweitzer, another key witness whose deposition is anticipated to take more than a few hours, was scheduled to be deposed. **(Exhibit 8, 1/10/2025 Exchange)**

19. Plaintiff responded that counsel could not take both depositions on the same day because of the need to reserve the full amount of time provided for by the court rules for each witness and proposed several additional dates (January 16, 19, or 29). **(Exhibit 8)**

20. Defendant rejected Plaintiff's proposed additional dates and instead, only reiterated that Defendant Sakr might be available on the same day as Dr.

5

Schweitzer, but that Dr. Schweitzer "might have more flexibility to move". **(Exhibit 9, Defendant 1/13/2025/Plaintiff 1/14/2025 Exchange)**

21. With the January 31 deadline fast approaching, and to ensure that there would be sufficient time for both Defendant Sakr and Dr. Schweitzer, Plaintiff suggested two additional dates (January 23 or 24) for Dr. Sakr. **(Exhibit 9)**

22. On January 15, 2025, Defendant responded that Dr. Sakr was checking if he could move some meetings in order to be deposed on January 23, but that he would only be available from 11:00 a.m. – 3:30 p.m. that day.

23. Defendant knew this would not work, as Plaintiff had already made clear the need to reserve the full amount of time provided for by the Federal Rules of Civil Procedure for Defendant Sakr's deposition as a key witness and decisionmaker.

24. Plaintiff offered one final attempt to take Defendant up on its previous offer to depose Defendant Sakr on January 28th, provided Defendant could move Dr. Schweitzer's deposition from the same day.

25. Counsel for Defendants did not accept, and instead proposed only to "ask Dr. Sakr about dates in February", on the condition that Plaintiff seek no further discovery whatsoever.

26. Given the previous pattern of delay in scheduling Dr. Sakr's deposition, and the need for follow-up discovery that has arisen after depositions (for example,

6

the naming of brand-new witnesses in testimony given by a WSU employee on January 15, 2025), this was not a workable solution.

27. Defendants have never objected to the actual taking of Dr. Sakr's deposition; they have instead delayed the taking of said deposition by failing to provide a mutually agreeable date/time.

28. As discussed in the attached exhibits, Defendants also failed to contact and schedule Dr. Deslyn Hobson, another witness whose deposition was noticed in November 2024.

29. The current deadline to complete discovery and file any necessary motions to compel, including any follow-up discovery or motions that may arise as a result of deposition testimony, is January 31, 2025.

30. Additional time is needed to conduct the depositions at issue as well as complete any outstanding written discovery or follow-up discovery that arises as a result of deposition testimony.

31. For these reasons, Plaintiff respectfully requests that this Court issue an order compelling the deposition of Dr. Sakr, at a date/time that will permit him to be deposed for the full seven hours provided for by the Federal Rules of Civil Procedure; extend the discovery deadline until March 28, 2025; and move the dispositive motion deadline to April 18, 2025.

32. If the Court does not order Dr. Sakr's deposition (at a workable time that allows for the full time provided by the court rules), Plaintiff will suffer undue hardship and prejudice and will be precluded from adequately preparing for motion practice and trial.

33. Plaintiff's attorney certifies that, as described above, she has, in good faith, conferred with Defendant's counsel extensively in an attempt to schedule the deposition at a mutually agreeable time.

34. Pursuant to Rule 7.1, undersigned counsel sought concurrence in this motion from the Defendants on January 15, 2025; concurrence was not received at the time of filing this motion.

Wherefore, Plaintiff respectfully requests this Honorable Court grant the instant motion and:

a) Issue an Order compelling the deposition of Defendant Wael Sakr at a time and date that allow for a maximum of 7 hours in 1 day as provided for by Fed. R. Civ. P. 30(d)(1); extend the discovery deadline until March 28, 2025; and move the dispositive motion deadline to April 18, 2025.

b) Impose an appropriate sanction of reasonable expenses and attorneys' fees incurred by Plaintiff upon Defendant Wael Sakr due to the delay as provided for by Fed. R. Civ. P. 30(d)(2).

Respectfully submitted,

By: */s/ Amanda M. Ghannam*

Amanda M. Ghannam (P83065)
Schulz Ghannam PLLC
645 Griswold St., Suite 4100
Detroit, MI 48226
(313) 788-7446
amanda@michiganworkerlaw.com

January 16, 2025

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed with the Court's CM/ECF electronic filing system, which will effect service on all counsel of record.

*/s/ Amanda M. Ghannam*
January 16, 2025

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DR. STANLEY M. BERRY,

       Plaintiff,                         Case No. 23-cv-10981
                                                      Hon. Jonathan J.C. Grey

v.

BOARD OF GOVERNORS OF WAYNE STATE
UNIVERSITY, DR. SATINDER KAUR, in her
individual capacity, DR. PATRICIA WILKERSON-UDDYBACK,
in her individual capacity, and DR. WAEL SAKR,
in his individual and official capacities,

       Defendants.

| | |
|---|---|
| Amanda M. Ghannam (P83065)<br>Schulz Ghannam PLLC<br>645 Griswold St., Suite 4100<br>Detroit, MI 48226<br>(313) 788-7446<br>amanda@michiganworkerlaw.com<br>Co-Counsel for Plaintiff | Brett J. Miller (P68612)<br>Butzel Long, P.C.<br>150 West Jefferson Avenue, Suite 100<br>313-225-7000<br>millerbr@butzel.com<br>Counsel for Defendants Board of Governors of Wayne State University, Dr. Satinder Kaur, and Dr. Wael Sakr<br><br>Benjamin W. Jeffers (P57161)<br>Hickey Hauck Bishoff Jeffers & Seabolt, PLLC<br>1 Woodward Avenue, Suite 2000<br>Detroit, MI 48226<br>313-964-8600<br>Bjeffers@hhbjs.com<br>Counsel for Defendant Dr. Patricia Wilkerson-Uddyback |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF DR. WAEL SAKR

1

In support of his Motion to Compel the Deposition of Dr. Wael Sakr, Plaintiff relies on the statements contained in the foregoing Motion.

Respectfully submitted,

By: */s/ Amanda M. Ghannam*

Amanda M. Ghannam (P83065)
Schulz Ghannam PLLC
645 Griswold St., Suite 4100
Detroit, MI 48226
(313) 788-7446
amanda@michiganworkerlaw.com

January 16, 2025

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed with the Court's CM/ECF electronic filing system, which will effect service on all counsel of record.

*/s/ Amanda M. Ghannam*
January 16, 2025

2